## WAWIN COAL CO. v. ORR.

Circuit Court of Appeals, Eighth Circuit.
May 6, 1929.

No. 8292.

28

George Hoke and Tracy J. Peycke, both of Minneapolis, Minn., for appellant.

Donald M. Davis, Bergman Richards, and Snyder, Gale & Richards, all of Minneapolis, Minn., for appellee.

Before STONE, LEWIS, and COTTERAL, Circuit Judges.

COTTERAL, Circuit Judge. Robert E. Orr was injured on Marquette avenue in Minneapolis, Minn., when on alighting from the rear exit of a north-bound street car which had stopped and opened its gates to discharge and receive passengers he slipped and fell on the steps or street, and his foot was run over by a truck of the Wawin Coal Company, which had followed the car and was passing the place of the injury. Immediately ahead of this car was another car on the avenue at its intersection with Eighth street. There were posts creating a safety zone opposite the forward car and extending only a part of the way alongside of the car in which Orr was a passenger or not entirely back to the front of that car. Orr sued both the street car company and the coal company to recover damages for his injury. At the close of his evidence, a verdict was directed for the street car company. The trial proceeded against the coal company resulting in a verdict in Orr's favor, and, judgment being rendered thereon, the coal company brings this appeal, assigning as error the refusal of the trial court to direct a verdict for the company and these portions of the charge to the jury:

"The claim on the part of the plaintiff is that the driver was negligent—the driver of the truck was negligent in two or more ways, First he was negligent, so the plaintiff says, in driving where he did at all, at the time and place in question, the claim being he should have stopped some distance back of the street-car—that he should have anticipated people were likely to alight therefrom, and that by driving where he did at the time that he did, he did not have due regard for the rights of those who might be alighting from the car."

"If the street-car was not stopped at one of these safety zones, if the safety zone was really nearly a car length ahead, and if the driver of the truck should have known that there was no safety there, he should, of course, have had in mind whether or not, from the location of the car, it was to be apprehended that passengers were likely to alight therefrom, and if he should have anticipated such alighting, it was then his duty to have stopped his truck some distance, 10 feet, I believe, to the rear of the street-car, so that those having occasion to alight, might do so in safety."

"The plaintiff claims, too, that the driver was negligent in not giving warning of his approach by the sounding of his horn—the horn of his truck, and the claim is, also, that he was driving at too high rate of speed at that particular time and place and under those circumstances."

The first of these excerpts from the charge is a mere statement of plaintiff's claim to a recovery, and there was no exception to it, but we consider it in its relation to the next instruction assigned as error, which presents a question respecting the construction and application of section 19, chapter 416, Laws of Minnesota, 1925. That section provides:

"Motor vehicles to pass to right of street cars.—The operator of a motor vehicle, when passing a car of a street railway running in the same direction, shall pass only to the right thereof, and in approaching a car of a street railway which has been stopped or is about to stop to allow passengers to alight or embark, he shall bring said vehicle to a full stop not less than ten feet behind said street car and shall remain so stopped until all gates of said street car are closed; provided that such operator may pass a standing street car where a safety zone is established by the proper authorities by slowing down and proceeding cautiously."

At the outset we note that the trial court had charged the jury generally that it was the duty of the truck driver, for whose acts concededly the coal company was responsible, to exercise reasonable care to avoid injury to others; that if he failed to do so under the circumstances he was negligent; and that it was for the jury to say whether he exercised the proper degree of care.

He was authorized to pass a standing street car without stopping by slowing down and proceeding cautiously at a safety zone. But there was no such zone opposite the rear

vestibule, gates, or steps of the car in which the plaintiff rode. When the car stopped and its gates were opened, the condition was wanting upon which the truck driver might pass without stopping. There was ample evidence to show that the truck instead of being stopped was driven diagonally to the right in order to pass the car and took a course very near it and where a portion of the way was taken by automobiles parked at the east curb of Marquette avenue.

Appellant's counsel assert that when the car had stopped the truck was already at the rear of the car and the driver had a complete right to assume it made only a preliminary stop; and they insist there is no basis for a violation of the statute in the failure to stop behind a street car which is approaching a stopping place short of a safety zone, and further that such requirement would place an undue burden on drivers as well as imperil the following traffic.

But the assertion of fact overlooks testimony that the truck had not reached the car when it stopped as well as the account of the driver that he saw the street car slow down about 100 feet from the stop, knew it was going to stop, and saw passengers on the rear platform, from which the jury was warranted in finding that he knew, or by the exercise of reasonable care should have known, in advance, that the car was stopping for the discharge of passengers.

And the narrow interpretation given to the statute cannot be sustained. A car which is stopped at a safety zone on the approach to a crossing is notice itself of the presence of passengers at and about the car. But the statute contemplates the stopping of vehicles elsewhere for their protection, as is manifest from its general requirements and from the privilege of passing at a safety zone. We find it unnecessary to decide whether at all places where a car may be stopped or about to stop for passengers to alight and embark a driver passes it without stopping at his peril. It is sufficient to hold as we do that when he has or should take notice of the danger to passengers, in other words where a car stops short of a crossing because the approach thereto is occupied by another car, and the vehicle driver in the exercise of due care should anticipate the rear car has been stopped or is about to stop for passengers to alight and embark where there is no safety zone, the requirement of stopping is imposed upon him for their protection. The trial court correctly defined the duty of defendant's driver in this case, and the instruction affords no ground for reversal.

■ By the next assignment complaint is again made of a statement of plaintiff's claim to a recovery, consisting of the failure of the truck driver to give a warning of his approach and the driving of the truck at an excessive speed. There was no exception to the statement, but we consider it in connection with the instruction relative to the matter of warning and the speed of the truck. Both are recognized grounds of negligence. 42 C. J. 915, 920. The charge was as follows:

"In this case, and in most all cases it is a matter of exercising the proper degree of care, having due regard for the rights of others, trying to take such precautions as are fairly reasonable, or called for under the circumstances, and this is, in general, the rule which is applicable here. You have then to consider whether there was any excessive speed—whether the man was at fault in driving at a more rapid rate than he should have done under the circumstances, and you are to consider whether he was at fault in failing to sound the horn of his truck, if there was such failure. There is no claim that he did sound the horn. Was there any failure on that account, or, might he have relied upon the fact that the truck was large and easily seen—that its very presence was a notice to all? As already indicated, if you find that there was no negligence on the part of the driver, then there can be no recovery."

The testimony is undisputed that this driver did not sound his horn on approaching the car, but it is in conflict as to the speed of the truck. There is testimony that the speed was 15 miles an hour when the car stopped, and, further, that it was checked until the truck was stationary when even with the front of the car. But the truck passed so closely to the car that, assuming it might be driven by the car at all, almost any speed was excessive at that point. The evidence was quite sufficient to sustain a finding the truck was driven at a negligent speed; and we are satisfied the instruction was correct and free from error.

■ The remaining assignments challenge the refusal to direct a verdict for the coal company on the ground that the evidence was insufficient to establish the negligence of the company and the plaintiff was as a matter of law guilty of contributory negligence. We are impressed there is no merit in either contention. We think it must be obvious that the evidence was ample if credited to show the negligence of the truck driver as the proximate cause of the injury to the plain-

tiff. The instruction relative to the alleged negligence of the plaintiff was faultless, if it was really a matter in controversy. The only criticism of his conduct rests on his testimony wherein he stated that he did not observe the truck until he was getting off the car, or, if he did, he assumed it would stop. It is to be considered there was the invitation to alight from the stopping of the car and the opening of the gates, he had no occasion to anticipate that the truck would be driven by the car or so closely to it—20 to 25 inches from the car and 6 to 8 inches from the gate according to his testimony—or as he claims he would slip and fall into a rut formed by the ice and snow and while saving his body he would be unable to extricate one foot from the rear wheel of the truck. A directed verdict was not warranted upon the evidence. We conclude there was no error in refusing it or in charging the jury.

The judgment appealed from should be, and is accordingly, affirmed.